# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 1:21CR00024-016 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **MARISSA L. KISER,** | ) Judge James P. Jones |
| | ) |
| Defendant. | ) |

*Daniel J. Murphy, Assistant United States Attorney, Abingdon, Virginia, for United States; Michael A. Bragg,* Bragg Law, *Abingdon, Virginia, for Defendant.*

The defendant moved for judgment of acquittal during trial after the close of the government's case-in-chief and again after the close of all of the evidence. The court reserved decision on the motions, Fed. R. Crim. P. 29(b), and the defendant was thereafter convicted by the jury. The issues have now been briefed by the parties and are ripe for decision.[1] For the reasons that follow, I will deny the motions.

When considering a motion for judgment of acquittal, the trial evidence is to be viewed in the light most favorable to the prosecution and denial is proper where substantial evidence supports the verdict. *United States v. Zelaya*, 908 F.3d 920,

---

[1] The defendant indicates in her brief that her argument is directed at the motion made at the close of the government's case-in-chief. Def.'s Brief 1, ECF No. 748. In any event, I have decided both motions.

925 (4th Cir. 2018). "'Substantial evidence' means 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Armel*, 585 F.3d 182, 184 (4th Cir. 2009) (citation omitted). In appraising the sufficiency of the evidence, it is not necessary that the trial judge be convinced beyond a reasonable doubt of the guilt of defendant. Instead, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The court is "not entitled to assess witness credibility, and [should] assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Jeffers*, 570 F.3d 557, 565 (4th Cir. 2009).

Finally, in deciding a reserved motion under Rule 29(b), the court must only consider "the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

The defendant was charged in the Indictment along with 22 other defendants with offenses relating to the fraudulent submission of claims for COVID-19 pandemic unemployment benefits.[2] The evidence at her trial showed that she and

---

[2] The defendant was charged with and convicted of conspiracy to defraud the United States, 18 U.S.C. § 371 (Count 1); committing fraud in connection with emergency relief benefits, 18 U.SC. § 1040(a)(2) (Count 17); conspiracy to commit mail fraud, 18 U.S.C. §§ 1341, 1349 (Count 22); mail fraud, 18 U.S.C. § 1341 (Count 38); and aggravated identity theft, 18 U.S.C. § 1028A (Count 61).

her boyfriend and her children lived with a leader of the scheme, Danielle Chytka, for a period of time during these events. Chytka cooperated with the government in the prosecution and testified against the defendant in the government's case-in-chief, relating that Kiser gave Chytka her personal identifying information (social security number and date of birth) in order to enable Chytka to file a fraudulent application for her over the internet, as she did for other coconspirators.[3]

After the government rested, Kiser testified on her own behalf, claiming that she had not requested Chytka to file a claim for her. She also claimed that in any event she was entitled to such benefits, because she had been employed as a babysitter by a family member, but that the children brought COVID home from school and she was then not allowed to go to that home. Trial Tr. 7, ECF No. 762.[4] In contradiction to that, Chytka had testified in the government's case-in-chief that Kiser had been living with her and had never appeared to be working. Trial Tr. 156, ECF No. 759.

In the motion for judgment of acquittal made at the close of the government's case, Kiser contended that there was insufficient evidence that (1) Kiser had

---

[3] Chytka admitted that she had stolen the COVID-19 unemployment benefit money paid on Kiser's application (approximately $18,000), although she testified that she had given Kiser $100 and illicit drugs. Trial Tr. 26–27, ECF No. 760.

[4] Kiser also claimed that she had cut wood for her father, although she did not expressly testify that this work had ended because of COVID-19.

knowledge of the fraudulent scheme, and (2) that she was not entitled to such unemployment benefits.

While the jury certainly could have disbelieved Chytka's testimony, that testimony was not insufficient to show, along with the other evidence presented by the government as to the relationship between the parties and the methods of the fraudulent scheme, that Kiser understood when she requested Chytka to file on her behalf that she was knowingly joining the scheme to obtain benefits to which she was not entitled.  Accordingly, the government's evidence was sufficient to prove its case, both at the time the government rested its case-in-chief, and at the close of all of the evidence.

It is accordingly **ORDERED** that the motions, ECF No. 706, are DENIED.[5]

ENTER:   June 13, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

[5]  The oral motion for judgment of acquittal by the defendant after the close of the government's case-in-chief and the oral motion for judgment of acquittal made by her after the close of all of the evidence were both made on the same day, Clerk's Minutes Day Four, ECF No. 703, although there is only one docket entry for both.